

**ORDERED in the Southern District of Florida on September 15, 2011.**

A. Jay Cristol, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:

PETER LUBAN and                                    Case No.: 11-13633-AJC
BARBARA LOVE LUBAN,

_____Debtors._____/        Chapter 7

**ORDER OVERRULING CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTORS' MOTION TO CONVERT CASE TO ONE UNDER CHAPTER 13 AND GRANTING MOTION TO CONVERT**

THIS CAUSE came before the Court for hearing on September 7, 2011 upon the Chapter 7 Trustee's Objection (ECF 42, "the Objection") to Debtors' Motion to Convert Case to One Under Chapter 13 (ECF 36, "the Motion"). The Court reviewed the court file and considered the grounds for the Motion and the Objection after having heard the proffers and arguments of counsel for both the Debtors and the Chapter 7 Trustee.

Debtors' counsel made the following representations:

1. The Debtors are an elderly couple that takes care of the Joint Debtor's son who suffers from cerebral palsy.

2. The Debtors own a home worth approximately $189,500, which is less than the sum of the related first and second mortgage encumbrances thereon. The Debtors, at all times, have been and remain current on their obligations in connection with the first and second mortgages which had balances as of the petition date of approximately $133,857 and $100,165, respectively.

3. The Debtors did not claim their home exempt on their Bankruptcy Schedule C pursuant to Article X, §4(a)(1) of the Constitution of the State of Florida, because they did not perceive the need to claim a homestead exemption to shield an "underwater" home from the Chapter 7 Trustee.

4. The Debtors elected to avail themselves of the "Additional Personal Property Exemptions" provided by Fla. Stat. §222.25(4) to protect their two motor vehicles that enable them to go to and from work, and to care for their disabled son. One of the vehicles is seven years old (in which they claimed a $6,450.00 exemption), and the other is 17 years old (in which they claimed a $750.00 exemption).

5. The Debtors' schedules, as filed, reflect $80.00 of non-exempt assets.

The Chapter 7 Trustee objected to the Debtors' claimed exemptions and objected to the request to convert to Chapter 13. In paragraph 10 of the Trustee's Objection to Debtors' Motion to Convert Case to One Under Chapter 13, the Trustee states "What should be done is the Debtors should not convert their case to one under Chapter 13, but amend their schedules to declare the homestead exemption and pay the Trustee to value of the non-exempt portion of their vehicle, or otherwise don't amend and allow the Trustee to sell the Property, subject to any liens interests and encumbrances."

Debtors' counsel stated the reason the Debtors filed their motion to convert was to obtain a bankruptcy discharge without losing their home or being subjected to over-litigation of the case by the Chapter 7 Trustee's counsel.

## DISCUSSION

This Chapter 7 Trustee has taken a position that is most troubling to the Court. Although it is clear and widely known that the Chapter 7 Trustee owes fiduciary duties to the unsecured creditors of the estate, the Trustee also owes fiduciary duties to under-secured creditors, secured creditors and the debtors. The Handbook for Chapter 7 Trustees, published by the U.S. Department of Justice, Executive Office for U.S. Trustees ("the Chapter 7 Trustee Handbook"), Chapter 6 (DUTIES OF A TRUSTEE), Section B. (STATUTORY AND GENERAL DUTIES), provides in pertinent part:

> The trustee is a fiduciary charged with protecting the interests of all estate beneficiaries – namely, all classes of creditors, including those holding secured, administrative, priority, and non-priority unsecured claims, as well as the debtor's interest in exemptions and in any possible surplus property.

The Trustee's conduct in this case appears to ignore his fiduciary obligations to the Debtors and the first and second mortgage lien holders on Debtors' real property. The Trustee's proposed administration of this case would have allowed the Debtors' home to be sold to a vulture-investor simply so that the Trustee could collect rent, prior to a default on the mortgage(s) and tax obligations. Condoning such conduct is antithetical to the Court's goals and the policies underlying the Bankruptcy Code, to wit, to give honest debtors[1] a fresh start while minimizing (not maximizing) losses to the creditor body as a whole.

The Court seriously questions how it advances the purpose of the Bankruptcy Code for a Chapter 7 Trustee to administer this estate. The assets to be marshaled would be split among the Trustee and his professionals, leaving perhaps a small percentage of value for unsecured creditors. However, the costs inflicted by such administration may include:

> (a)  honest Debtors in need of a fresh start and their disabled son being driven from their home despite (or perhaps because of) the fact they are current on their mortgages;

---

[1] The Trustee's counsel admitted the Debtors are "good people".

    (b)    a $133,857.00 first mortgage that is being paid going into default and the lien holder necessarily incurring the costs of a foreclosure action;

    (c)    a $100,165.00 under-secured second mortgage that is being paid also going into default and the creditor likely suffering a significant loss;

    (d)    a Miami-Dade County real property tax obligation that is being paid going into delinquency; and

    (e)    <u>another</u> Miami-Dade County single family home going into foreclosure, and needlessly adding another case to an already-overburdened court system.

The Trustee's position in this case is misguided and wholly inappropriate. The Trustee appears to want to administer a fully secured asset primarily for his benefit and the benefit of his professionals, at great cost to the Debtors' interests and at great cost to the interests of the first and second mortgage holders, not to mention whatever damage would result to Miami-Dade County for delinquent tax revenues.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Chapter 7 Trustee's Objection to the Debtors' Motion to Convert Case to One Under Chapter 13 is OVERRULED; and, the Debtors' Motion to Convert Case to One Under Chapter 13 is GRANTED. A separate Order Converting Case Under Chapter 7 to Case Under Chapter 13 (LF-8), shall be entered by the Clerk of Court upon entry of this Order.

###

SUBMITTED BY (AS AMENDED BY THE COURT): James Schwitalla, Esquire
The Bankruptcy Law Offices of James Schwitalla, P.A.
12954 SW 133 Court, Miami, FL 33186
Phone: 305.278.0811, Fax: 305.278.0812
jws@MiamiBKC.net

THE FOLLOWING PARTIES ARE TO RECEIVE A CONFORMED COPY OF THIS ORDER:
James Miller, Esq.
Chapter 7 Trustee
AUST
Chase Home Finance
Chase Equity Loan Servicing
All other creditors and interested parties

Attorney Schwitalla is directed to serve copies of this order on the parties listed who do not receive a copy electronically and file a certificate of service.