

**ORDERED in the Southern District of Florida on February 27, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re

PETER LUBAN and                    Case No. 11-13633-BKC-AJC
BARBARA LOVE LUBAN,

    Debtors
_____/

### ORDER SUSTAINING OBJECTION TO CONFIRMATION

THIS CAUSE came before the Court upon the Chapter 13 Trustee's Notice of Deficiency for Confirmation (DE 74). Having reviewed the notice, the memoranda of law submitted by both the Trustee and the Debtors, the Debtors' plan and schedules, and case law, the Court finds that Debtors are not entitled to claim an additional $200.00 for a flat operating expense for their vehicles. The Court's findings of fact and conclusions of law are as follows.

The Debtors filed a Chapter 7 case on February 11, 2011. The case was converted to one under Chapter 13 on September 15, 2011. On October 7, 2011, the Debtors filed a *Statement of*

*Current Monthly Income and Calculation of Commitment Period and Disposable Income.* On December 28, 2011, the Debtors filed an *Amended Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income* ("CMI Form").

The Debtors listed two vehicles in their Schedule B list of personal property, a 1994 Chrysler LHS Sedan 4D and a 2004 Honda Cr-V LX. Both vehicles are free and clear of any liens. The Debtors are claiming a $640 Operating Expense on the CMI Form for the vehicles as provided under the IRS Standards; but, additionally, they are claiming another $200.00 on the CMI Form pursuant to the Internal Revenue Manual ("IRM") based upon the age of the cars being in excess of six years old. The Trustee disagrees with this additional claimed deduction. The Trustee argues that the Debtors are not entitled to the additional $200 deduction and therefore they are not committing all of their projected disposable income to the plan as required by 11 U.S.C. §1325(b).

The Court must decide whether Debtors may claim an additional $200 operating expense in calculating their projected disposable income. Upon consideration, the Court finds that Debtors may not claim the additional expense for several reasons. First and foremost, the Bankruptcy Code provides that a debtor's expenses are to be defined by the standards promulgated by the IRS, not by the IRM; the IRM is neither incorporated into the IRS Local Standards nor the Bankruptcy Code. Debtors are also not entitled to a deduction merely because they anticipate that they may later incur additional expenses because their vehicles are more than six years old. Congress intended for Chapter 13 debtors to pay the maximum amount that they could afford and disallowing the additional deduction, where there is no proof of the actual expense, furthers that policy.

The Bankruptcy Code states that "[t]he debtor's monthly expenses shall be the debtor's

applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtors actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides...." 11 U.S.C. §707(b)(2)(A)(ii)(I).  Thus, the Code's directive is clear: the debtor's monthly "expenses 'shall be' " defined by the IRS Standards. To calculate disposable income pursuant to 11 U.S.C. §1325(b), Debtors must determine their expenses in accordance with the IRS Local Standards.  As explained by one court, "[t]he language of the statute is plain and the numbers in the charts are fixed amounts. The National and Local Standards are the key elements in establishing a uniform formula to calculate a debtor's disposable income ...." *In re VanDyke*, 450 B.R. 836, 841 (Bankr. C.D.Ill. 2011).  The IRS Standards are republished on the U.S. Trustee's website.  The Operating Expense for two vehicles in the Miami area during the applicable time frame was $640.00.  The additional $200 operating expense that the Debtors seek is an adjustment which is not part of the Local Standards table and not included in the section of the IRM that outlines the Local Standards.

Notwithstanding the foregoing, the Debtors contend that the IRM and the United States Supreme Court's decision in *Ransom v. FIA Card Services, NA*, – U.S. –, 131 S.Ct. 716, 178 L.Ed.2d 603 (2011) supports Debtors' entitlement to the flat $200 deduction.  However, the Court believes that using the IRM to justify an additional operating expense would be inconsistent with the way the IRM was used in *Ransom*.  In *Ransom*, the Supreme Court expressly stated that the IRS guidelines are not incorporated into the Code.  The Supreme Court used the IRM merely as commentary to assist it in interpreting statutory language. *Ransom*, 131 S.Ct. at 726.  The Debtors in this case do not seek to use the IRM to interpret statutory language but rather to create a new deduction that does not exist in the IRS Standards or the Code.  This is

not allowed. *See VanDyke*, 450 B.R. at 842 (allowance of additional amount is not a matter of interpretation of the Local Standards, but one of its revision); *In re Hargis*, 451 B.R. 174, 178 (Bankr. D.Utah 2011)(additional vehicle operating expense does not appear in the Local Standards table or even the section of the IRM that outlines the Local Standards). Using the IRM to justify an additional operating expense is not consistent with the Supreme Court's decision in *Ransom*.

Moreover, Debtors are not entitled to a deduction upon anticipating they may later incur additional expenses. The Court in *Ransom* cautioned against allowing such fictional expenses. *Ransom*, 131 S.Ct. at 727 ("Expenses that are wholly fictional are not easily thought of as reasonably necessary.") Debtors must actually incur some expense for a deduction to be considered applicable, and therefore allowable, on the CMI Form. Although these Debtors do own two older vehicles and do incur operating expenses, the Debtors do not incur an additional $200 in operating expenses simply by virtue of the age of their cars. The additional $200 expense claimed by the Debtors is speculative. If Debtors find in the course of their Chapter 13 case that their older vehicles are unreliable, they may then seek other relief from the court. *See Ransom*, 131 S.Ct. at 730 ("The appropriate way to account for unanticipated expenses like a new vehicle purchase is not to distort the scope of a deduction, but to use the method that the Code provides for all Chapter 13 debtors (and their creditors): modification of the plan in light of changed circumstances."). Debtors are not entitled to a deduction on their CMI Form merely because they anticipate that they may later incur additional expenses.

Several other bankruptcy courts have considered the same issue presented here and have held that debtors may not take an additional unproven sum for vehicle operating expenses. *See In re Wilhite*, 2011 WL 5902487 (Bankr. N.D.Ga. November 17, 2011); *In re Dittrich*, 2011 WL

3471090 Bankr. W.D.Wash. August 08, 2011); *In re Schultz*, 2011 WL 2443711 (Bankr. W.D.Mo. June 14, 2011); *In re Hargis*, 451 B.R. 174; *VanDyke*, 450 B.R. 836.  These courts denied the additional $200 old-car operating expense on the basis that it does not appear in the IRS Standards and that allowing the expense would be inconsistent with the Code.  This Court finds these decisions are persuasive and joins in finding that Debtors may not take the additional $200 operating expense for their older vehicles on their CMI Form.

The Court is sympathetic to these Debtors who are driving cars that are eighteen (18) years old and eight (8) years old.  Very likely, these vehicles will have a higher maintenance expense; but, the law, as it exists, seems to punish the frugal.  Had the Debtors bought and financed newer cars, prior to filing their bankruptcy petition, they probably would have qualified to pay less to their creditors and would not have to worry about the burden of higher maintenance expenses.  Unfortunately, the Court must apply the law as it exists and not modify or change the law because of sympathy or the fact that the law might have been more logical.  Accordingly, it is

ORDERED AND ADJUDGED that the Chapter 13 Trustee's Objection to Confirmation is SUSTAINED on the basis that the Debtors do not commit all of their projected disposable income to the Chapter 13 plan pursuant to 11 U.S.C. §1325(b).

###

Copies furnished to:

Debtors
James Schwitalla, Esq.
Nancy Herkert, Trustee